IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


PLANET BINGO, INC.,

Plaintiff,

vs.                                        CASE NO. 5:10cv315/RS-EMT

MICHAEL KERR, RANDY
VON DRASEK, ROY M.
STEVENS, JR., and BIGTRAK
TECHNOLOGIES, LLC,

Defendants.
_____/


## ORDER

Before me is Defendants' motion to dismiss (Doc. 11).

## I. STANDARD OF REVIEW

Defendants have moved for dismissal of Plaintiff's complaint for lack of *in personam* jurisdiction under Fla. Stat. § 48.193 and Fed. R. Civ. P. 12(b)(2), as well as for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss for lack of personal jurisdiction, the court accepts as true the allegations in the complaint.  *Stubbs v. Wyndham Nassau Resort & Crystal Palace*

*Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006)(citing *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999)).  The plaintiff has the burden of establishing a prima facie case of personal jurisdiction, which is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.  *Stubbs* at 1360 (citing *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002).  If the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.  *Stubbs* at 1360.  Where the plaintiff's complaint and supporting documents conflict with the defendant's, the court must construe all reasonable inferences in favor of the plaintiff.  *Id.*

In order to overcome a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).  I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc.*

*v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000), citing *Lowell v.*
*American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999).

## II. BACKGROUND

Plaintiff is a California limited liability company with its principal place of
business in California.  Defendant BigTrak Technologies, LLC ("BigTrak") is a
Texas limited liability company with its principal place of business in Texas.
Defendant Kerr is a Texas resident and a citizen of Canada.  Defendants Von
Drasek and Stevens are residents and citizens of South Carolinas.  Kerr, Von
Drasek, and Stevens are all managing members of BigTrak.

Plaintiff designs and distributes bingo games and portable electronic and
video bingo systems.  Plaintiff leases this equipment to bingo halls around the
country.  Prior to their involvement with BigTrak, Defendants Kerr and Von
Drasek were employed by Plaintiff until September 1, 2006.  While Kerr and Von
Drasek were employed by Plaintiff, Plaintiff entered into a contract with Wild
Bill's Bingo, Inc. ("Wild Bill's), which operates a bingo hall in Panama City,
Florida.  Plaintiff and Wild Bill's entered into two agreements: one in 2004 and
one in 2007.  In both agreements, Wild Bill's agreed to exclusively lease bingo
equipment from Plaintiff.  The 2007 Agreement did not expire until May 18, 2010.

Kerr and Von Drasek left Plaintiff's employment in 2006 and on April 24,
2007, created BigTrak.  Sometime in August of 2009, Kerr traveled to Wild Bill's

in Panama City, Florida, to meet with representatives of Wild Bill's and to demonstrate BigTrak's product offerings. Plaintiff alleges that Kerr, Von Drasek, Stevens, and BigTrak encouraged Wild Bill's to terminate its relationship with Plaintiff and replace Plaintiff's equipment at Wild Bill's with Defendants' equipment.

By letter dated September 14, 2009, Wild Bill's purported to terminate its contract with Plaintiff. Also in September of 2009, Wild Bill's and BigTrak entered into an agreement in which Wild Bill's agreed to use BigTrak's bingo equipment. Kerr, Von Drasek, and another BigTrak employee, Javier Rios, were present for the installation of BigTrak equipment at Wild Bill's.

Plaintiff now brings suit against all Defendants for tortious interference with a contract and violation of the Florida Deceptive and Unfair Trade Practices Act. Defendants have moved for dismissal of both counts against them.

### III. ANALYSIS

### 1. Personal Jurisdiction

Defendants argue that both counts should be dismissed because the Court lacks personal jurisdiction over all of the Defendants. There is a two-step inquiry to determine whether the exercise of personal jurisdiction over a nonresident defendant is proper. *PVC Windoors, Inc., v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010). First, the Court must determine whether the state's

long-arm statute provides jurisdiction. *Id.* (citing *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295(11th Cir. 2009)).   Only where the long-arm statute provides jurisdiction does a court proceed to the second step and determine whether the defendant has "minimum contacts with the forum state" and, if it does, whether the district court's exercise of jurisdiction over that defendant would "offend traditional notions of fair play and substantial justice." *Internet Solutions Corp. v. Marshall,* 557 F.3d 1293, 1295-96 (11th Cir. 2009)(citations omitted).

The Florida long-arm statute provides two bases for the exercise of personal jurisdiction: specific and general jurisdiction.  In this case, Plaintiff argues that the Court has general jurisdiction over Defendant BigTrak and specific jurisdiction over all Defendants.  Before a court addresses the question of whether general or specific jurisdiction exists under the long-arm statute in Florida, the court must determine "whether the allegations of the complaint state a cause of action." *PVC Windoors* at 808, n. 9.  Plaintiff has brought two claims against Defendants, tortious interference with a contract and a violation of the Florida Deceptive and Unfair Trade Practices Act.

In order to state a cause of action for tortious interference, a plaintiff must allege: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional an unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff

as a result of the breach of the relationship.  *Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Florida, Inc.,* 832 So.2d 810, 814 (Fla. 2d DCA 2002).

Defendants argue that Plaintiff has failed to state a claim for tortious interference because they have filed an affidavit from Wild Bill's owner stating that he contacted the Defendants, not the other way around.  *See Martin Petroleum Corp. v. Amerada Hess Corp.*, 769 So2d 1105 (Fla. 4th DCA 2000).  However, Plaintiff's complaint alleges that Defendants encouraged Wild Bill's to terminate its relationship with Plaintiff and replace Plaintiff's equipment with Defendants'.  This allegation is sufficient to state a claim for relief, since I must construe all disputed facts in favor of Plaintiff.  *Stubbs*, 447 F.3d at 1360.

In order to state a cause of action for a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), a plaintiff must allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.  *Sundance Apartments I., Inc. v. General Elec. Capital Corp.*, 581 F.Supp.2d 1215, 1220 (S.D. Fla. 2008)(citing *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006)(citations omitted)).  Defendants argue that count two of the complaint fails to state a cause of action because Defendants' alleged interference with a single contract cannot constitute a breach of FDUTPA, and because Plaintiff is not a "consumer" under the statute.  However, FDUTPA does permit causes of action arising from a single unfair or deceptive act, even if it involves only a single party,

a single transaction, or a single contract.  *PNR, Inc. v. Beacon Property Management, Inc.*, 842 So.2d 773, 777 (Fla. 2003).  Furthermore, the Florida legislature's replacement of the word "consumer" with the word "person" in the statute indicates that a non-consumer may sue under FDUTPA, including competitors.  *See* Fla. Stat. § 501.211(2); *Kelly v. Palmer, Reifler, & Associates, P.A.,* 681 F.Supp. 2d 1356, 1373 (S.D. Fla. 2010); *see also Niles Audio Corp. v. OEM Systems Co., Inc.* 174 F.Supp. 2d 1315, 1319-20 (S.D. Fla. 2001).  Thus, the complaint sufficiently states a cause of action under FDUTPA.

### *General Jurisdiction*

Having determined that the complaint states a cause of action, I now consider whether Defendant BigTrak is subject to general jurisdiction.  A defendant who is engaged in "substantial and not isolated activity" within the state of Florida is subject to the general jurisdiction of the courts of the state, whether or not the claim arises from that activity.  Fla. Stat. § 48.193(2), *See also Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir. 2002).  The "substantial and not isolated activity" requirement of the Florida long-arm statute has been recognized by Florida courts as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment due process clause.  *Meier* at 1269 n. 6 (citing *Woods v. Nova Cos. Belize*, *Ltd.*739 So.2d 617, 620 (Fla. 4th DCA 1999)).

Plaintiff's complaint includes allegations of BigTrak forming a contract with a Florida business (Wild Bill's), visiting Wild Bill's in Florida to demonstrate its products and form a contract, as well as visiting Florida to install its equipment at Wild Bill's. These actions alone are more than "isolated" activity in the state. In addition, Plaintiff has alleged that BigTrak solicited other businesses in Florida and trained staff in Florida. These allegations are sufficient to demonstrate that BigTrak engaged in more than merely isolated activity in Florida. Therefore, general jurisdiction over BigTrak is proper under the Florida long-arm statute.

<em>Specific Jurisdiction</em>

Plaintiff alleges that all Defendants are subject to specific jurisdiction. Specific jurisdiction under the Florida long-arm statute refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum. *PVC Windoors, Inc., v. Babbitbay Beach Const., N.V.,* 498 F.3d 802, 808 (11th Cir. 2010)(citing *Oldfield v. Pueblo De Bahia Lor, S.A.,* 558 F.3d 1210, 1220 n. 27 (11th Cir. 2009)). Here, Plaintiff has alleged that, while in the state of Florida, BigTrak, through its employee Kerr, committed tortious acts by negotiating and entering into a contract with Wild Bill's. Plaintiff's claims against BigTrak and Kerr arise out of those actions that took place in the state of Florida, therefore specific jurisdiction over BigTrak and Kerr is appropriate. However, Plaintiff has not alleged that Defendants Stevens and Von Drasek committed any tortious acts

8

in the state of Florida.  As alleged by Plaintiff, Von Drasek's only contact with

Florida was visiting Florida to install BigTrak's equipment at Wild Bill's.

However, this visit took place after Von Drasek's alleged tortious actions

(encouraging Wild Bill's to break its contract with Plaintiff) had already occurred.

Plaintiff has not alleged Stevens ever visited Florida in relation to the Wild Bill's

agreement.  Therefore, specific jurisdiction is not present for Defendants Stevens

and Von Drasek because Plaintiff has not alleged any tortious actions taken by

these Defendants in the state of Florida.

Accordingly, I find that Florida's long-arm statute provides personal

jurisdiction over Defendants BigTrak & Kerr.  However, it does not provide

personal jurisdiction over Defendants Von Drasek and Stevens.  Therefore, the

claims against Von Drasek and Stevens are dismissed.

*Minimum Contacts*

Since I have determined the Florida long-arm statute provides jurisdiction

over Defendants Kerr and BigTrak, I now must proceed to the second step of the

analysis and determine whether the Defendants have "minimum contacts with the

forum state" and, if they do, whether the district court's exercise of jurisdiction

over Defendants would "offend traditional notions of fair play and substantial

justice. *Internet Solutions Corp. v. Marshall,* 557 F.3d 1293, 1295-96 (11th Cir.

2009)(citations omitted).  Minimum contacts with a forum state involve three

criteria: First, the contacts must be related to the plaintiff's cause of action or have given rise to it. *Sculptchair Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 631 (11th Cir. 1996). Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. *Id.* Finally, the defendant's contacts within the forum state must be such that she should reasonably anticipate being haled into court there. *Id.* (citing *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994)).

For the same reasons that Defendants BigTrak and Kerr are subject to personal jurisdiction under Florida's long-arm statute, they also have the requisite "minimum contacts" with Florida such that traditional notions of fair play are not offended by exercising jurisdiction over them. Plaintiffs have alleged that BigTrak and Kerr committed tortious acts within the state of Florida. Thus, their contacts with Florida gave rise to Plaintiff's action against them. *See Sculptchair* 94 F.3d at 631. BigTrak and Kerr purposefully availed themselves of the privilege of conducting activities in Florida by negotiating and signing a contract in the state with a Florida business, as well as transporting their equipment to and installing it at a location in Florida. *See id.* These events gave Defendants significant contacts with the state of Florida, and as such they should have reasonably anticipated that they could be called into court in Florida for any tortious actions committed there.

Therefore, Defendants BigTrak and Kerr have sufficient minimum contacts with the state of Florida and this Court can properly exercise personal jurisdiction over them.

## 2. 12(b)(6) Motion

Defendants argue that both claims against them should be dismissed for failure to state a claim.  In order to overcome a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000), citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999).

### *Tortious Interference with a Contract*

As set forth above, Plaintiff has sufficiently stated a cause of action for tortious interference with a business relationship.  Furthermore, the corporate shield doctrine does not apply where, as Plaintiff has alleged in this case, an individual defendant commits or participates in a tort.  *Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Company, L.L.C.,*  125 F.Supp.2d 1093, 1104 (S.D. Fla. 2000)(citations omitted).  This is true whether or not the individual defendant's actions are by authority of the corporation or in furtherance

of the corporate business, and regardless of whether liability also attaches to the corporation for the tort. *Id.*

*FDUTPA*

For the same reasons set forth above, Plaintiff has sufficiently stated a claim of a violation of FDUTPA, and has standing to do so despite not being a consumer. *Niles Audio Corp. v. OEM Systems Co., Inc.* 174 F.Supp. 2d 1315, 1319-20 (S.D. Fla. 2001).

**3. Motion for Bond**

Defendants have requested Plaintiff post a bond to indemnify Defendants for any damages incurred.  Pursuant to Fla. Stat. § 501.211(3), a hearing is scheduled on the issue of a bond on April 5, 2011, at 1:30 P.M. C.S.T. in Panama City, Florida.  Counsel are required to attend in-person.

**IV. CONCLUSION**

**IT IS ORDERED:**

1.      Defendants' motion to dismiss (Doc. 11) is **granted** as to Defendants Von Drasek and Stevens.  Plaintiff's claims against Defendants Von Drasek and Stevens are dismissed, and Defendants Von Drasek and Stevens are dropped as parties to this case.

2.      Defendants' motion is **denied** as to Defendants BigTrak and Kerr.

3.      Pursuant to Fla. Stat. § 501.211(3), a hearing is scheduled on the issue

of posting a bond on April 5, 2011, at 1:30 P.M. C.S.T. in Panama

City, Florida.


**ORDERED** on March 8, 2011.



/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**