UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| PLANET BINGO, LLC, a California limited liability company,<br><br>                      Plaintiff,<br>  v.<br><br>MICHAEL KERR, an individual; RANDY VON DRASEK, an individual; ROY M. STEVENS, JR., an individual; and BIGTRAK TECHNOLOGIES, LLC, a Texas limited liability company,<br><br>                      Defendants. | Case No. 5:10-cv-00315-RS-EMT |

**PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE
TESTIMONY OF WITNESSES NOT TIMELY DISCLOSED**

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff Planet Bingo, LLC ("Planet Bingo"), by and through undersigned counsel, hereby moves *in limine* for an order excluding the testimony of Javier Rios and Derek Smiley on the ground that they were not timely disclosed. A proposed Order also accompanies this Motion.

I.      INTRODUCTORY STATEMENT

Any testimony from Mr. Javier Rios ("Rios") or Mr. Derek Smiley ("Smiley") should be excluded from trial because they were not timely disclosed by Defendants as persons potentially having relevant evidence in this case. The Court's Order dated October 14, 2011 (Doc. 99) clearly states that amended disclosures were to be served by no later than October 17, 2011. Rios was not disclosed until November 22, 2011 – more

1

than one month late – and Smiley was not disclosed until December 16, 2011 – nearly two months late. Because neither Rios nor Smiley was timely disclosed, they should not be permitted to testify at trial.

## II.   FACTUAL BACKGROUND

On March 10, 2011, the Court issued its Scheduling and Mediation Order (Doc. 33). In the Order, the deadline for serving amended disclosures was twenty-one days before the discovery deadline. *See* Doc. 33, p. 2 ("Final Rule 26(e)(1) disclosures shall be served no later than twenty-one days before the discovery deadline."); *see also* Fed. R. Civ. P. 26(e)(1). Further pursuant to the Court's Scheduling and Mediation Order (Doc. 33), the Court established a discovery deadline of October 7, 2011. Thus, the deadline for amended disclosures was September 16, 2011.

By Order dated October 14, 2011 (Doc. 99) – entered after the September 16 deadline for 26(e)(1) disclosures had already expired – the Court extended the discovery deadline to November 7, 2011. Thus, at the very latest, amended disclosures would have been due twenty-one days prior to November 7, *i.e.* no later than October 17, 2011.

Rios was first disclosed on November 22, 2011 – Defendants' First Amended Disclosures Pursuant to Fed. R. Civ. P. 26 (the "Amended Disclosures"). In the Amended Disclosures, Defendants disclosed Rios for the first time as a potential witness in this case -- after having repeatedly asserted that Mr. Rios was a mere equipment installer with no relevant involvement or knowledge. This was the first and only time that Defendants made such a disclosure to Plaintiff.[1]

---

[1] At the time that Defendants served their Amended Disclosures, Plaintiff's counsel had not received any *initial* disclosures from Defendants, and thus requested that counsel

2

Smiley was first disclosed on December 16, 2011 – Defendants' Pretrial Disclosures pursuant to the Court's Orders (Docs. 34 and 119). This was the first time that Smiley was disclosed to Plaintiff, as he was not disclosed in the Initial Disclosures nor was he disclosed in the Amended Disclosures.

### III.   ARGUMENT

Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 also requires that a party supplement its initial disclosures in a timely manner throughout the course of litigation whenever it learns that the information originally provided turns out to be incomplete or incorrect. *See* Fed. R. Civ. P. 26(e)(1)(A). To ensure compliance with Rule 26, Rule 37 provides that any party that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendants' Amended Disclosures were untimely in and of themselves. Pursuant to the Court's Scheduling and Mediation Order dated March 10, 2011 (Doc. 33), the deadline for serving amended disclosures was twenty-one days before the discovery deadline. *See* Doc. 33, p. 2 ("Final Rule 26(e)(1) disclosures shall be served no later than

---

forward to Plaintiff's counsel any previously served disclosures. Thereafter, on December 2, 2011, Defendants provided via email a copy of their "initial disclosures from March 2011." The March 2011 initial disclosures *do not* identify Mr. Rios as a potential witness in this matter.

twenty-one days before the discovery deadline."); *see also* Fed. R. Civ. P. 26(e)(1). Pursuant to the Court's Scheduling and Mediation Order (Doc. 33), the Court established a discovery deadline of October 7, 2011. Thus, the deadline for amended disclosures was September 16, 2011.

Pursuant to the October 14, 2011 Order (Doc. 99), the Court extended the discovery deadline to November 7, 2011. Thus, the deadline for service of amended disclosures was also extended and the amended disclosures were due by no later than October 17, 2011. Defendants' Amended Disclosures, served on November 22, 2011, were several weeks overdue under either scenario and were also served well after the November 7 discovery deadline had already passed. Rios, therefore, was not timely disclosed.

With regard to Smiley, he was not disclosed at all until Defendants served its Pretrial Disclosures last week. This disclosure is more than one month beyond the November 7 discovery deadline.

Rios and Smiley are both individuals that have been known to the Defendants throughout the litigation; i.e. they are not newly discovered witnesses. If Rios or Smiley had been properly and timely disclosed by Defendants as individuals that Defendants would possibly call to testify at trial, Planet Bingo would have deposed them in this action. Planet Bingo notes that it has previously deposed Mr. Rios in a California action, but not for purposes of this case. Instead, that deposition focused on Rios's personal involvement in BigTrak's interference – not on Rios' newly-claimed role as a person involved in servicing issues related to Wild Bill's equipment during the term of the Planet Bingo-Wild Bill's relationship. (Previously, BigTrak had always claimed that Rios was a

4

"mere installer" with no material involvement in the Wild Bill's relationship.) Planet Bingo has not deposed Mr. Smiley in either this or any action. But because Rios and Smiley were not properly or timely disclosed, Planet Bingo had no reason to depose either of them in this case before the discovery deadline. Plaintiff Bingo would thus be unduly prejudiced if either Rios or Smiley is permitted to testify at trial.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff requests an Order that precludes Javier Rios and Derek Smiley from testifying at trial.

DATED this 22nd day of December, 2011.

Respectfully submitted,

WEISS & MOY, P.C.

s/ Jeffrey Weiss
Jeffrey Weiss*
District of Columbia Bar No. 437138
1101 14th Street NW, Suite 500
Washington, DC 20005
(202) 682-1722
(202) 204-1300 (fax)
jweiss@weissiplaw.com

Karen J.S. Fouts*
Michigan Bar No. P72925
40 Pearl Street NW, Suite 920
Grand Rapids, Michigan 49503-3032
(616) 301-3025
(616) 301-3024 (fax)
kfouts@weissiplaw.com

Attorneys for Plaintiff Planet Bingo, LLC
*Admitted to practice in Northern District of Florida

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard M. Dunn
Florida Bar No. 0126953
COZEN O'CONNOR
Wachovia Financial Center
200 South Biscayne Blvd.
Suite 4410
Miami, FL 33131-4332
(305) 704-5940
(305) 704-5955 (fax)
rdunn@cozen.com

Erik L. Jackson
California Bar No. 166010
COZEN O'CONNOR
601 South Figueroa Street, Suite 3700
Los Angeles, CA 90017
(213) 892-7961
(866) 484-0947 (fax)
ejackson@cozen.com

*Attorneys for Defendants Michael Kerr, Randy Von Drasek, Roy M. Stevens, Jr. and BigTrak Technologies, LLC*

   s/ Jeffrey Weiss
Jeffrey Weiss